**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **TAMERA SUE CALICO RICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:25-00211-MDH** |
| | ) | |
| **FRANK BISIGNANO,**<br>**Commissioner of Social Security,** | )<br>) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision should be reversed and remanded for further proceedings as set forth herein.

**BACKGROUND**

Plaintiff protectively filed her initial application for social security disability benefits and supplemental security income benefits on February 23, 2022. The ALJ issued an unfavorable decision denying Plaintiff's claims for disability on January 19, 2024.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her onset date of disability of December 20, 2021. The ALJ found Plaintiff to have "severe" impairments of morbid obesity, coronary artery disease (CAD) with left ventricular hypertrophy, diabetes (DM), asthma, cirrhosis of the liver, fracture of the left ankle, mild degeneration of the cervical spine,

and obstructive sleep apnea (OSA). The ALJ concluded that Plaintiff's impairments did not meet or equal a listed impairment at step three.

The ALJ established the following RFC:

> light work; lift and/or carry 20 pounds occasionally, 10 pounds frequently; sit 6 hours; stand and/or walk 6 hours; never climb ladders, ropes, scaffolds; occasionally climb ramps and stairs; frequently balance; occasionally stoop, kneel, crouch, crawl; no concentrated exposure to temperature extremes, humidity, wetness, pulmonary irritants such as chemicals, fumes, dusts, gases, vibration, and hazards such as unprotected heights and dangerous moving machinery.

The ALJ acknowledged that Plaintiff had no past relevant work. The ALJ found that Plaintiff could perform her past relevant work as a customer service clerk (DOT 299.367-010) as generally, but not actually, performed. The ALJ made alternative step five findings that Plaintiff could perform other work as a paper pattern folder, final assembler, and bakery worker.

**STANDARD OF REVIEW**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. See 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id*. at 1154. "It means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

**DISCUSSION**

Plaintiff argues the ALJ's RFC as to Plaintiff's physical functional limitations is unsupported by substantial evidence and the ALJ failed to fulfill his duty to develop the record fully and fairly. Plaintiff further argues the ALJ failed to obtain a proper consultative examination report and failed to comply with 20 C.F.R. 404.1520c(b)(3). Finally, Plaintiff argues the ALJ's determination is not supported by substantial evidence in the record.

First, Plaintiff contends that Dr. Tipton and Dr. Piontek, both non-examining, non-treating State agency physicians, opined that Plaintiff was limited to "medium" work, lifting 50 pounds occasionally, 25 pounds frequently; could stand and/or walk 6 hours; and should avoid concentrated exposure extreme cold, heat, humidity, and fumes, odors, dusts, gases, poor ventilation, etc. These limitations were attributed to diabetes, obesity, left ventricular hypertrophy, and liver disease. The ALJ acknowledged that the opinions of Dr. Tipton and Dr. Piontek were only partially persuasive because they were not consistent with the expanded record at the hearing

level which indicated additional limitations were warranted.

Dr. Tipton and Dr. Piontek did not address all of Plaintiff's "severe" impairments. Their opinions were limited to diabetes, obesity, left ventricular hypertrophy, and liver disease. Neither Dr. Tipton nor Dr. Piontek attributed any limitations to Plaintiff's asthma, left ankle fracture, mild degeneration of the cervical spine, or OSA – all of which the ALJ found to be "severe" and to "significantly" limit Plaintiff's ability to perform basic work activities. Plaintiff states that there are no other opinions of record as to the functional limitations stemming from these "severe" impairments.

The Court agrees that based on the record the ALJ should have fulfilled his duty to develop the record fully and fairly and obtained some medical opinion as to Plaintiff's physical functional limitations. For this reason, the Court finds the case should be reversed and remanded.

In addition, Plaintiff further argues that the consultative examination ordered by Defendant was not proper. The record reflects the ALJ relied on Dr. Martin's consultative examination in the determination. However, Plaintiff notes that Dr. Martin's report bears his name at the bottom of his report which is electronic, typed and does not have a handwritten signature. The report is accompanied by an "Electronic Records Express Attestation" indicating the document was electronically signed by "VanBruggen, Andrew." It does not appear that Dr. Martin actually "signed" the report. Dr. Martin did not handwrite his signature and the Electronic Records Express signature contains a different name – Andrew VanBruggen. Plaintiff also cites other issues and discrepancies with the report and signatures that the Court finds concerning. The ALJ did not address any of these issues in the record.

The Court agrees with Plaintiff that the fact that the consultative examination report is, at best, improperly signed and, at worst, prepared by someone other than Dr. Martin, results in the

ALJ's RFC being legally flawed and unsupported by substantial evidence. The ALJ clearly relied on Dr. Martin's report in the determination. Defendant argues that even though the ALJ cited Dr. Martin's examination in his decision, Dr. Martin did not offer an opinion on Plaintiff's functional capabilities and therefore the ALJ did not have an opinion to consider. Defendant further contends that the "ALJ's decision does not hinge on Dr. Martin's examination … [and] was but one of hundreds of pages of medical records that the ALJ considered in making his decision." The Court finds that the issues with the report cited by Plaintiff create a reversible error because the ALJ cited the report in the determination.

## CONCLUSION

For the reasons set forth herein, the Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **REVERSED and REMANDED.**

**IT IS SO ORDERED.**

DATED: August 24, 2026

***/s/ Douglas Harpool***
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**